THE STATE OF KANSAS v. H. D. GREWELL.

INFORMATION; *Trespass on School Lands; Necessary Averments.* An information attempting to charge an offense under section 26 of chapter 122, Laws of 1876, p. 287, to authorize a conviction of a defendant should contain an averment of the amount of damages committed, or the value of the property injured.

## Appeal from Osborne District Court.

INFORMATION filed in the district court in April 1877, charging *Grewell* with cutting timber on school lands in violation of sec. 26 of art. 14, ch. 122, Laws of 1876, (p. 287.) Trial at April Term 1877. The jury found the defendant guilty of cutting and taking away one load of wood. Whereupon he moved the court to arrest the judgment for the reasons, 1st, that the county attorney has no authority to present an information for said offense; 2d, that the facts stated in the information do not constitute a public offense; 3d, that the verdict of the jury does not find any amount of damages. This motion was sustained by the court, and *The State* brings the case here on appeal.

*Willard Davis,* Attorney General, for The State:

An information is a proper proceeding to charge the defendant with the alleged offense. The word "indictment" (in § 26, page 287, Laws of 1876,) is not used in its technical sense, but as a generic term, and means that the party may be charged with crime either by indictment of a grand jury, or by information by the county attorney. This question was raised by the first ground stated in arrest of judgment, but counsel for appellee make no point on that proposition in their brief, and I presume have abandoned it, as being of no force.

The information is as explicit and comprehensive as is required by the statute, and is sufficient. It alleges all the necessary facts to constitute the charge, and apprise the de-

fendant fully of the offense charged against him, with all the certainty and particularity now required by law. (*The State v. Armell*, 8 Kas. 288.) "It is sufficient to charge the offense generally in the words of the statute." (*The State v. Watson*, 5 Blackf. 154; 8 Kas. 232.) A count which charges an offense in the language of the code is sufficient. (*Mohler v. The State*, 24 Ill. 26.) Where an offense is created by statute, an information setting forth the crime in the words of the statute is sufficient. (*Harrison v. The State*, 2 Cold., Tenn. 232.) The section of the statute in question recites certain acts, which when proven to have been committed constitute the offense, independent of damages which may have resulted from the acts. The damages are only an incident, appended for the purpose of enabling the court to fix the fine, which fine is not all, but only a part of the punishment. The damages resulting from the commission of the acts recited, are in no sense an element or ingredient of the offense or crime. If all the words of the section which follow the word "misdemeanor" had been omitted, everything necessary to constitute the misdemeanor would remain, and the defendant could be punished under § 294 of the crimes act, which provides for punishing a misdemeanor, when there is no other punishment named. The sole purpose being to enable the court to do its duty after conviction, the state during the trial would have the right to show what damages were the result of the acts charged, which constitute the crime, without any allegation of damages in the information; or this ascertainment of damages might be omitted by the state till after a verdict of guilty, then the court by the inherent powers with which it is invested could, in some proper mode, ascertain the damages done, to enable it to fix the amount of the fine. It is never necessary to allege damages in charging a crime, where damages or value are not necessary to determine the jurisdiction or the punishment. The true rule seems to be well stated in *Whiting v. The State*, 14 Conn. 487. In the case at bar, the damages are not to be ascertained either for the purposes of jurisdiction or punishment. The

punishment is not double the damages, as stated by counsel for appellee. The order of the district court sustaining the motion in arrest of judgment should be set aside, and the cause remanded for such further proceedings.

*R. G. Hays*, and *C. Reasoner*, for defendant:

The information charges trespass on school lands, under sec. 26, p. 287, laws of 1876, and alleges no amount of damages, or any value whatever, as the result of such alleged trespass, and herein fails to allege the facts necessary to constitute a public offense. The facts necessary to sustain a judgment must be alleged, before proof can be given, or a judgment rendered: Pomeroy Rem. 84; Bishop Proc. 505, 507. The particular statute under which the information is drawn expressly contemplates damages as an essential ingredient of the offense therein prohibited. An act which causes no damages whatever, such as stepping on the land and breaking off a riding-switch, or carrying away a curious specimen of rock, or any other harmless and innocent act, cannot become, under this section, a public offense. Criminality is the result of pecuniary injury to the land. The sole object of the statute is to protect the school fund. A fundamental principle of criminal procedure, one which lies in reason and the nature of things, no less really and fully than it does in the adjudged cases, is, that the indictment must allege whatever is necessary in order to determine the punishment sought to be inflicted. "This doctrine pervades the entire system of the adjudicated law of criminal procedure." "It is not made apparent by a single case, but by all the cases." 1 Bishop Proc. 77–88, 538–542, 393, 571, 578, 586; 2 id., pp. 48, 177, 568, 578, 586. The offense must be charged with such a degree of certainty that the court may pronounce judgment upon conviction according to the right. (Crim. Code, § 109, 5th sub.) The punishment is double the damages caused by the trespass; and the information alleging no damages as a predicate for proof, and none being found in the verdict, the court can pronounce no judgment. It is of necessity arrested.

It is generally sufficient to draw an information in the language of the statute; but in all those cases where punishment depends on damages caused, or losses inflicted, *"value"* becomes a *material averment.* It cannot be dispensed with. From the very nature of the case it enters essentially into the *idea* of an offense; 8 Ill. 293.

The opinion of the court was delivered by

HORTON, C. J.: The question to be determined in this case is, as to the sufficiency of an information purporting to charge defendant Grewell with the offense of violating the provisions of section 26 of ch. 122, laws of 1876, p. 287, relating to trespasses on school lands. The information states the offense in the words of the statute, but alleges no amount of damage, nor any value whatever, as the result of such alleged trespass. Said section 26 provides among other things, that "the person committing such trespass shall be deemed guilty of a misdemeanor, and may be indicted and fined in a sum not less than double the amount of damage proved to have been committed, and not exceeding one thousand dollars, and confined in the county jail not less than one month, and not more than six months." As the plain requirement of the statute is, that a part of the punishment to be inflicted is a fine, and as such fine cannot be less than double the amount of damage proved, said fine is to some extent measured by the proof of the damage committed by the trespass, and therefore it seems the necessities of the case demand an averment of the value of the thing injured, or the amount of the damage committed. Unless such an allegation is made, no proof of damages can be given. In the absence of such proof, no fine can be inflicted; and thus, in no event could the penalties provided by the law be adjudged against a party upon an information like the one filed in this case. This condition of things brings this case within the exception to the general rule, that it is sufficient to describe a misdemeanor created by statute in the words of the statute, if this law is to be fully enforced, as an averment of value is

necessary to determine a part of the punishment. ( *The State v. Armell*, 8 Kas. 288.)    While the statute provides for imprisonment in the county jail, as additional penalty for a violation of the statute, and thereon may be based some argument in favor of the sufficiency of the information, still, construing all of the section together, and considering the fact that the legislature clearly intended in such an action to obtain damages proportionate to the injury committed, and to accomplish this a fine not less than double the amount of damage proved, and not exceeding $1,000, must accompany the imprisonment, we think the true construction of the law applicable to the case to be, that all informations under said section should contain an allegation of the amount of damages alleged as committed by the defendant violating the provisions of such section.

The statute contemplates damages as an essential ingredient of the acts prohibited, as it expressly states damages are to be proved.    If no damages can be proven, no conviction should be allowed; and no damage can be proven, if no averment is made thereof.    If no damages can be adduced upon the trial of a defendant charged with the acts prohibited by this statute, it would seem wrong, almost malicious, to institute a public prosecution; and if damages can be proven, it would be also impolitic to permit the county attorney to omit such proof, and thereby waive so much of the penalty as requires the infliction of a fine on conviction.    The learned attorney general, representing the state, suggests in his brief that the "ascertainment of damages might be omitted by the state till after a verdict of guilty, then the court by the inherent powers with which it is invested, could, in some proper mode, ascertain the damages done, to enable it to fix the amount of the fine."    This, to us, seems a confession of the necessity of making proof of the amount of the damage to determine the punishment; and if this much is conceded, the argument is conclusive against the sufficiency of the information.    In this case the court is restricted as to its infliction of punishment; and if proof must be submitted to determine the same,

a defendant has the right to have a jury pass upon that proof, and decide whether the damage is one dollar, or $500, or nothing. Where a court may, upon a plea or verdict of guilty, pass sentence without any proof, of course, in its discretion, it may examine witnesses, or take the statements of the counsel on either side, as means to inform itself as to the true character of the offense committed, and as to what should be the sentence, within the limitations of the law; but when a court is bound to receive proof in a case to determine the punishment, and cannot inflict the punishment until such proof is received, the information or indictment should contain the averments upon which the proof is to be submitted. In all prosecutions, the accused shall be allowed to demand the nature and cause of the accusation against him; and can it be said that a defendant was fully informed of the nature of the charge, if after being convicted upon an information like the one in controversy, the court could by its inherent powers take testimony and find, perhaps upon the evidence of the complaining witness alone, that the amount of damage committed was $500, when such a finding must result in assessing the defendant to pay a fine of $1,000, and committing him to jail until such fine was paid? With such a construction of the law, and such results to be obtained, could we say a defendant had had a trial by an impartial jury? We answer no. The guaranty of a trial by a jury to a person charged with a crime, is not complied with by permitting only a portion of the facts constituting the offense to be submitted to the jury, and leaving important questions, which are to be settled by proof, to be disposed of by the court in its own way, and according to its own chosen methods, regardless of the provisions of the constitution.

The order of the court arresting judgment upon the verdict will be affirmed.

All the Justices concurring.